IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY



UNITED MINE WORKERS OF AMERICA, BOBBY
E. ASBURY, EARNEST H. ATWELL, RONALD J.
BARBER, ELBERT L. CLINE, NORMAN COLEMAN,
HAROLD B. HALL, THOMAS A. HALL, JIM E.
KEENE, DOUGLAS L. LESTER, TEDDY H. LESTER,
DAVID P. MCGRAW, GREGORY A. ROBERTS,
KENNETH R. STEPP, KEITH WORKMAN,
STANLEY K. BAILEY, EARNEST G. BELCHER,
LACY BISHOP JR., JESSE D. COLEMAN, ERNEST
R. DUNIGAN, GLEN A. GIBSON, SANDRA LESTER,
DAVID E. LILLY, COY A. LUSK, ROGER D.
MORGAN, EVERETT R. MULLINS, LARRY W.
ROBERTS, DAVID SIMPSON, JAMES S. SMITH,
SHERMAN H. WADE, ROBERT I. WALKER, JAMES
D. WEBB, and DAVID M. WIMMER

    Plaintiffs,

vs.              CIVIL ACTION NO. 5:04-0154

BANNER COAL & LAND CO., a corporation

    Defendant,

### COMPLAINT

1. This is an action for damages for breach of a collective bargaining agreement, and for injunctive and other relief requiring the Defendant Banner Coal & Land Co. to provide health care coverage for the individual plaintiffs and others similarly situated.

## JURISDICTION

2. The Court has jurisdiction of this matter pursuant to Section 301 of the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. §185 and Section 502 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132.

## PARTIES

3. The plaintiff United Mine Workers of America ("UMWA") is a labor organization within the meaning of Section 2(5) of the Labor-Management Relations Act, 29 U.S.C. §152(5), and represents the employees of the defendant Banner Coal & Land Co. for purposes of collective bargaining. The principal office of the plaintiff United Mine Workers of America is located at 8315 Lee Highway, Fairfax, VA 22031-2215.

4. The individual plaintiffs Bobby E. Asbury, Earnest H. Atwell, Ronald J. Barber, Elbert L. Cline, Norman Coleman, Harold B. Hall, Thomas A. Hall, Jim E. Keene, Douglas L. Lester, Teddy H. Lester, David P. McGraw, Gregory A. Roberts, Kenneth R. Stepp, and Keith Workman are laid off former employees of Banner Coal & Land Co. They reside at various locations in southern West Virginia.

5. The individual plaintiffs Stanley K. Bailey, Earnest G. Belcher, Lacy Bishop Jr., Jesse D. Coleman, Ernest R. Dunigan, Glen A. Gibson, David E. Lilly, Coy A. Lusk, Roger D. Morgan, Everett R. Mullins, Larry W. Roberts, David Simpson, James S. Smith, Sherman H. Wade, Robert I. Walker, James D. Webb, and David M. Wimmer are retired or disabled members of the United Mine Workers whose last classified signatory employment was with the defendant Banner Coal & Land Co. The individual plaintiff Sandra Lester is the surviving spouse of retiree whose last signatory employer was Banner. Said plaintiffs reside at various locations in southern West Virginia.

6. The defendant Banner Coal & Land Co. ("Banner") is a corporation chartered in and authorized to do business in the State of West Virginia, which had its principal place of business 130 Brookshire Lane, Beckley, WV 25801. It is presently or was formerly engaged in the business of mining, transporting, or processing coal, and operated underground coal mines located near Wharton, Boone County, West Virginia. It is an "employer" within the meaning of the LMRA, 29 U.S.C. §152(2), and ERISA, 29 U.S.C. §1002(5).

7. The defendants were at all relevant times engaged in commerce within the meaning of 29 U.S.C. §§152(6) and 152(7).

## FACTUAL BACKGROUND

8. The individual plaintiffs listed in paragraph 4 of this complaint are laid off former employees of Banner Coal & Land Co. who are entitled to continuing health benefits from Banner for up to one year following their layoff under the terms of Banner's collective bargaining agreement and benefit plan.

9. The individual plaintiffs listed in paragraph 5 of this complaint are retired or disabled former employees of Banner Coal & Land Co. whose last classified, signatory employment was with said corporation.

10. The defendant Banner Coal & Land Co. was signatory to the National Bituminous Coal Wage Agreements of 1998 ("1998 NBCWA") and 2002 ("2002 NBCWA") and said collective bargaining agreements were in full force and effect at all times relevant to the matters alleged herein.

11. Under the terms of Article XX of the 1998 and 2002 NBCWAs, the defendant Banner Coal & Land Co. was obligated to establish and maintain an employee benefit plan for the purpose of providing health and other nonpension benefits to their active employees, and to laid off, retired, and disabled

3

employees whose last classified, signatory employment was with said corporation. Banner is obligated to provide health benefits for life to retired miners, including disability pensioners and disabled miners, whose last signatory employment was with such employers, and to their surviving spouses.. Banner is also obligated to provide continued health benefits to laid off employees for up to one year following their layoff, depending upon the length of service of the employee.

12. The individual plaintiffs are entitled to health and other nonpension benefits pursuant to the provisions of the employee benefit plan which Banner was required to establish and maintain pursuant to the terms of the 1998 and 2002 NBCWAs.

13. On or about September 24, 2003, the defendant Banner terminated health benefits to both its laid off former employees and its retired and disabled former employees, and since that date has willfully failed and refused to provide benefits to the individual plaintiffs, as required by the terms of the 1998 and 2002 NBCWAs.

## CAUSES OF ACTION

### (1) Breach of Collective Bargaining Agreement

14. The defendant, in failing and refusing to provide and maintain health and other insurance benefits for the individual plaintiffs, has breached and violated its obligations under the National Bituminous Coal Wage Agreements of 1998 and 2002.

15. As a result of that breach, the individual plaintiffs have incurred damages in the form of medical expenses which should have been covered by Banner's employee benefit plan, and they will incur additional damages for the loss of future benefits to which they are entitled.

4

### (2) Recovery of Plan Benefits

16. The defendant Banner Coal & Land Co. was at all relevant times an "administrator," "plan sponsor" and "employer" within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1002(16).

17. The individual plaintiffs have been deprived of benefits to which they are entitled by the actions and omissions of the defendant in failing to provide the promised benefits according to the terms of Banner's benefit plan.

### DAMAGES

18. As a direct and proximate result of the actions of the defendant as set forth above, the individual plaintiffs have incurred and continue to incur unpaid medical bills for the treatment of themselves and their dependents.

19. As a direct and proximate result of the actions of the defendant as set forth above, the individual plaintiffs and their dependents are presently suffering and will continue to suffer the deprivation of health and other insurance benefits to which they are entitled. Said plaintiffs are suffering imminent and irreparable harm because his health benefits have been terminated, and they and their dependents have been and will continue to be deprived of necessary medical care and treatment, or have been and will continue to be forced to obtain medical care only at the cost of using funds necessary to meet their other essential living expenses.

20. The plaintiffs have no adequate or feasible administrative or legal remedies for the imminent and irreparable harm the individual plaintiffs will suffer by the continued deprivation of their health insurance coverage. Any harm which could result to the defendant by the granting of injunctive relief in this matter

would be minor compared to the great, immediate and irreparable harm which will result to the individual plaintiffs if injunctive relief is not granted.

WHEREFORE, plaintiffs pray that the Court:

1. Declare that the defendant has breached its duty under the collective bargaining agreement and ERISA.

2. Grant compensatory damages in accordance with the allegations of this complaint, including prejudgment interest on the amount of unpaid medical bills incurred by the individual plaintiffs.

3. Grant preliminary and permanent preliminary injunctive relief restraining the defendant from failing or refusing to provide the health and other insurance benefits to which the individual plaintiffs are entitled, or in the alternative grant compensatory damages for the value of future benefits to which the plaintiffs are entitled.

4. Order the defendant to immediately reimburse the individual plaintiffs for all medical bills incurred by them and their dependents.

5. Award reasonable attorney fees and the costs of this action pursuant to 29 U.S.C. §1132(g).

6. Grant to the plaintiffs such other relief as seems proper and just.

Plaintiffs request a trial by jury on all issues properly triable by jury.

UNITED MINE WORKERS OF AMERICA, et al.
Plaintiffs, by Counsel

Bradley J. Pyles, State Bar #2998
Crandall, Pyles, Haviland & Turner, LLP
P. O. Box 596
Logan, WV 25601
(304) 752-6000

6