```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BECKLEY
```

**UNITED MINE WORKERS**
**OF AMERICA, et al.,**

    **Plaintiffs,**

**v.**                                            **CIVIL ACTION NO. 5:04-0154**

**BANNER COAL & LAND CO.,**
**a corporation,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER
### ON MOTION TO OPEN DEFAULT JUDGMENT

Pending before the court is the motion of the defendant, Banner Coal & Land Company ("Banner") under Federal Rule of Civil Procedure 60(b)(1) to open the default judgment in this case (Doc. No. 21). In its consideration of defendant's motion, the court has reviewed defendant's brief in support of its motion, as well as the responsive memorandum filed by plaintiffs, United Mine Workers of America and others ("UMWA"), and defendant's reply thereto. For the reasons herein, the court now denies defendant's motion for relief from the default judgment.

### I. Introduction

Plaintiffs filed their complaint on February 24, 2005, seeking health benefits under the terms of the National Bituminous Coal Wage Agreement of 2002. (Doc. No. 1.) Service was effected under Federal Rule of Civil Procedure 4 and pursuant to West Virginia Code § 56-3-13 through the West Virginia Secretary of State, who

sent the summons and complaint by certified mail to the address provided for defendant in the business organization database of the Secretary of State's office. (Doc. No. 23 Ex. 1, 2.) The documents were accepted by Andrea Lynch, an employee of Wind River Consulting ("Wind River"), a firm that provided "certain services" to Banner. (Doc. No. 22 at 2.) According to David Hill, Wind River's Accounting Manager, Wind River was one of five to ten businesses with offices at the same location as Banner. (Doc. No. 24 Ex.) Hill further explains that it was standard operating procedure for Lynch, the receptionist at that location, to accept and sign for all incoming mail and legal papers before distributing them to the appropriate company representative. (*Id.*) Although Lynch acknowledges accepting the summons and complaint in this matter, she does not recall what she did with the documents after signing for them. (Doc. No. 21 Ex. B.)

After Banner filed no responsive pleading to the complaint, the court granted plaintiffs' motion for a default judgment on February 24, 2005. (Doc. No. 10.) Carroll Simpkins, Banner's president, states that he first learned of this suit in July of 2005 during a mediation session in a different legal matter when it was mentioned to him by opposing counsel in that matter. (Doc. No. 21 Ex. A.) Simpkins adds that "Banner did not move to open the default judgment in August or September because Banner and the United Mine Workers of America were trying to determine if the matter could be resolved amicably." (*Id.*) Banner subsequently

filed the Motion to Open Default Judgment currently before the court. (Doc. No. 21.)

## II.  Analysis

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."[1] As a preliminary matter, a party must also show "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside."[2] Park Corp. v. Lexington Ins. Co., 812 F.2d

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure enumerates six reasons that may provide the basis for opening a default judgment, of which Banner has cited only "excusable neglect." The remaining grounds provided in the rule are as follows:

> . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

[2] As the court noted in Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993), "exceptional circumstances" is occasionally noted as a fourth threshold requirement. See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)(cited in Gray,

3

894, 896 (4th Cir. 1987).  Courts generally address these latter three considerations before proceeding to consider the moving party's stated reason for opening the default judgment.  Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993)("Once the movant has met the threshold showings, he must satisfy one of the six enumerated grounds for relief under Rule 60(b).").

Assuming, for the purposes of the court's analysis, that Banner would be able to meet the threshold requirements of the Rule 60(b) analysis, its motion must nonetheless fail for lack of a permissible reason for opening the default judgment.  In support of its motion, Banner argues that its failure to file a responsive pleading to the complaint constitutes "excusable neglect," one of the grounds for relief from judgment listed in Rule 60(b)(1).  (Doc. No. 21 ¶ 6.)  In furtherance of its argument, Banner points out that Lynch, the receptionist who accepted and signed for the summons and complaint, was not an employee of Banner.  (Doc. No. 22 at 7-8.)  Banner further stresses that, although Lynch does not recall what she did with the documents after she signed for them, it is defendant's belief that none of its employees or officers received actual notice of this suit until Simpkins was informed of it during the July 2005 mediation of separate litigation.  (Doc. No. 21 Ex. A.)

---

1 F.3d at 264); and Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979).

4

The court is not persuaded by Banner's attempts to distinguish its situation from that presented in Park Corp. v. Lexington Insurance Co., 812 F.2d 894 (4th Cir. 1987). In Park, the Fourth Circuit Court of Appeals affirmed the district court's denial of a Rule 60(b) motion where the summons and complaint in the case disappeared after being accepted by a Lexington mail room employee. Id. at 897. Lexington based its motion on excusable neglect, but the court found nothing to support such a grant of relief where Lexington had "failed to offer an acceptable excuse, or any excuse at all," for its failure to respond to the complaint. Id. The court continued, "Because Lexington could give no reason for the loss of the complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default." Id. Similarly, Banner offers no explanation for its failure to respond to the complaint other than that Lynch does not recall what she did with the summons and complaint after signing for them. Here, just as in Park, "[t]he unexplained disappearance of the summons and complaint . . . does not constitute grounds for relief from the default judgment under Rule 60(b)(1)." Id. at 897.

Banner argues that its situation is distinguishable from that in Park on the basis that the person accepting service in that case was an employee of the defendant seeking relief under Rule 60(b), whereas Lynch has never been employed by Banner. (Doc. No. 24 at 1.) As Banner describes in detail, however, Lynch's "standard operating procedure for the receipt of all mail" at the offices was

5

to accept the mail, sign for it if necessary, "and then forward it to a designated person for the respective company." (Id. at 2.) Moreover, this "standard operating procedure" worked sufficiently well that "Banner received notice of and timely responded to several other lawsuits for which Ms. Lynch signed." (Id.)

Where Banner had such a system of mail distribution firmly in place, Lynch's actual employment status is of far less significance than Banner suggests. This is particularly so in view of the stricter standard by which defendants in Banner's situation are judged when moving for relief from a default judgment. As the court explained in Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808 (4th Cir. 1988)(per curiam), a "clear line" is drawn "between the fault of counsel and the fault of a party personally." Id. at 811 (citing U.S. v. Moradi, 673 F.2d 725 (4th Cir. 1982)). The Augusta court continued as follows:

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect.

Augusta, 843 F.2d at 811. As the Park court made clear, a party does not make an adequate defense on this point where its failure to respond to a complaint is a result of the inexplicable disappearance of the document. Accordingly, Banner is not entitled

6

to relief from the previously entered default judgment in this matter.

### III. Conclusion

In addition to certain threshold requirements, a party moving for relief from a default judgment under Federal Rule of Civil Procedure 60(b) must put forth an acceptable reason for opening the default judgment. Where a party asserts excusable neglect as the basis for its omission, it is insufficient for the party to state simply that the summons and complaint, once properly accepted, disappeared. Furthermore, the fact that the person accepting service on behalf of the defendant is not an employee of the defendant matters little where service was completed pursuant to the defendant's standard procedure for acceptance of such documents. This is particularly true in light of the stricter standard courts are to apply with regard to Rule 60(b) motions brought as a result of fault on the part of the moving party, as opposed to fault on the part of that party's attorney.

Banner's motion to open the default judgment in this matter is **DENIED**, and the judgment stands as previously entered.

The Clerk is directed to send copies of this Memorandum Opinion and Order on Motion to Open Default Judgment to all counsel of record and any unrepresented parties.

It is SO ORDERED this 9th day of May, 2006.

                                ENTER:

                                David A. Faber
                                Chief Judge